**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAULINA ACUNA,

     Plaintiff,

v.

ANDREW SAUL,

     Defendant.

Case No. 2:18-cv-02042-APG-NJK

**REPORT AND RECOMMENDATION**

(Docket Nos. 20, 21)

    This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act.  The Court has considered Plaintiff's motion for remand, the Commissioner's response, the Commissioner's countermotion to affirm, and Plaintiff's response.  Docket Nos. 20, 21, 22, 25.  This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

    A.    <u>Judicial Standard of Review</u>

    The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

of the United States for the judicial district in which the plaintiff resides."  The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).  When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence.  The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may

know the basis for the decision.  *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

 B.  <u>Disability Evaluation Process</u>

   The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

   The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).  If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made, and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4).  The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA").  20 C.F.R. § 416.920(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  20 C.F.R. § 416.972(a)-(b).  If the individual is currently engaging in SGA, then a finding of not disabled is made.  If the individual is not engaging in SGA, then the analysis proceeds to the second step.

   The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities.  20 C.F.R. § 416.920(c).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to

work. 20 C.F.R. § 416.922; Social Security Rulings ("SSRs") 85-28 and 16-3p.[1]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.920(d), 416.925, 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. § 416.920(d).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p.  In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 416.929; SSR 16-3p.  To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW").  20 C.F.R. § 416.920(f).  PRW

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

1    means work performed either as the individual actually performed it or as it is generally performed

2    in the national economy within the last 15 years or 15 years prior to the date that disability must

3    be established. 20 C.F.R. § 416.960(b). In addition, the work must have lasted long enough for

4    the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the

5    individual has the RFC to perform his past work, then a finding of not disabled is made. 20 C.F.R.

6    § 416.920(f). If the individual is unable to perform any PRW or does not have any PRW, then the

7    analysis proceeds to the fifth and last step.

8        The fifth and final step requires the ALJ to determine whether the individual is able to do

9    any other work considering his residual functional capacity, age, education, and work experience.

10    20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. The

11    Commissioner is responsible for providing evidence that demonstrates that other work exists in

12    significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc.*

13    *Sec. Admin.*, 616 F.3d 1068, 1071-1072 (9th Cir. 2010).

14    **II.     BACKGROUND**

15        A.     <u>Procedural History</u>

16        On March 13, 2013, Plaintiff applied for disability insurance benefits under Title II and

17    supplemental security income under Title XVI, alleging a disability onset date of August 15, 2006.

18    Administrative Record ("A.R.") 399-405, 406-416. Plaintiff's application was denied initially and

19    on reconsideration. AR 279-300. On October 24, 2014, Plaintiff, Plaintiff's attorney, a medical

20    expert, and a vocational expert ("VE") appeared for a hearing before ALJ Phillip C. Lyman. A.R.

21    205-241. On January 21, 2015, the ALJ issued an unfavorable decision finding Plaintiff not

22    disabled. A.R. 248-264. Plaintiff requested review of the ALJ's decision by the Appeals Council,

23    which granted the request, and on May 4, 2016, the Appeals Council issued an order remanding

24    the matter to the agency for a new hearing. A.R. 270-275, 340. On May 18, 2017, Plaintiff,

25    Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Cynthia R. Hoover.

26    A.R. 176-204. On November 13, 2017, the ALJ issued an unfavorable decision finding Plaintiff

27    not disabled. A.R. 20-30. Plaintiff requested review of the ALJ's decision by the Appeals Council

28    and, on August 20, 2018, the Appeals Council denied the request, making the ALJ's decision the

1    final decision of the Commissioner.  A.R. 1-8, 398.  On October 24, 2018, Plaintiff commenced

2    this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.

3         B.    The ALJ's Decision

4         The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R.

5    404.1520 and issued an unfavorable decision on November 13, 2017.  A.R. 20-30.  At step one,

6    the ALJ found that Plaintiff meets the insured status requirement of the Social Security Act through

7    December 31, 2011, and has not engaged in substantial gainful activity since August 15, 2006.

8    A.R. 22.  At step two, the ALJ found that Plaintiff has the following medically determinable severe

9    impairments: degenerative joint disease of the right knee, affective disorder, and anxiety disorder.

10   A.R. 23.

11        At step three, the ALJ found that Plaintiff does not have an impairment or combination of

12   impairments that meets or medically equals the severity of one of the listed impairments in 20

13   C.F.R. Part 404, Subpart P, Appendix 1. A.R. 23-25.  The ALJ found Plaintiff has the RFC to

14   perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that she can lift

15   twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours out of an

16   eight hour day; sit for six hours out of an eight hour day; occasionally climb ladders, ropes or

17   scaffolds, but could do other posturals on a frequent basis; Plaintiff would be limited to unskilled

18   work; no contact with the public; and only occasional contact with coworkers and supervisors.

19   A.R. 25-28.

20        At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  A.R.

21   28.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and

22   RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can

23   perform.  A.R. 29.  Therefore, the ALJ found that Plaintiff was not disabled from August 15, 2006,

24   through the date of the decision.  A.R. 30.

25   **III.    ANALYSIS AND FINDINGS**

26        Plaintiff submits that the ALJ's RFC finding did not adequately capture the limitations of

27   Plaintiff's examining physician and did not fully account for the opinion of Plaintiff's treating

28

physician. Docket No. 20 at 6-11. [2] Plaintiff additionally submits that the ALJ improperly rejected her testimony, and that the ALJ's step five finding is not supported by substantial evidence because the ALJ improperly omitted Plaintiff's allegations when posing hypothetical questions to the vocational expert. *Id*. at 11-13.

In response, and on countermotion to affirm, the Commissioner submits that substantial evidence supports the ALJ's evaluation of the medical evidence, Plaintiff's subjective allegations of disabling symptoms, and the step five finding relying on the vocational expert's testimony. Docket No. 21 at 4-16. The Commissioner submits that the ALJ need not accept the opinion of any physician if the opinion is brief, conclusory, and inadequately supported by clinical findings and that an examining physician's opinion constitutes substantial evidence because is rests on an independent examination of the claimant. *Id*. at 5-6. The Commissioner additionally submits that substantial evidence supports the ALJ's specific and legitimate reasons for rejecting the physician's opinions. *Id*. at 6-10. The Commissioner further submits that the ALJ provides valid reasons, based on substantial evidence, for finding that Plaintiff's testimony of disability was not consistent with the record evidence, and demonstrates that she did not arbitrarily discredit Plaintiff's subjective complaints. *Id*. at 11. Finally, the Commissioner submits that the ALJ properly used the expertise of a vocational expert in step five to determine whether Plaintiff could perform other work that existed in significant numbers. *Id*. at 16.

In reply, Plaintiff submits that the ALJ did not provide clear and convincing reasons for rejecting the uncontroverted opinion of a treating or examining doctor. Docket No. 25 at 1. Plaintiff submits that the ALJ's finding failed to adequately capture the limitations described by the doctors. *Id*. at 4. Plaintiff additionally submits that the ALJ improperly rejected her testimony by singling out a few periods of temporary well-being from a sustained period of impairment in order to discredit Plaintiff. *Id*. at 5. Finally, Plaintiff submits that the ALJ's finding is not supported by substantial evidence because the ALJ improperly omitted the limitations assessed by Plaintiff's doctors when examining the vocational expert. *Id*. at 6-7.

---

[2] The pagination on Docket No. 20 is not consistent with the CM/ECF pagination. The citations herein refer to the pagination provided by CM/ECF.

A.  Evaluation of the Medical Evidence

The ALJ is responsible for establishing a claimant's RFC, or the most a claimant can do, based on medical and non-medical evidence.  20 C.F.R. §§ 404.1545-404.1546.  Greater weight is usually afforded to the opinion of a treating physician due to the opportunity to know and observe the individual; however, the ALJ may disregard the treating physician's opinion whether or not that opinion has been contradicted.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  An examining physician's opinion alone "constitutes substantial evidence, because it rests on his own independent examination."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Opinions of non-examining physicians may serve as substantial evidence when the opinions are consistent with clinical findings or other evidence in the record. *Thomas*, 278 F.3d at 957.  An ALJ may rely on a non-examining physician's opinion to determine a claimant's limitations.  *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1221-1222 (9th Cir. 2009).

Here, the ALJ concluded that, despite Plaintiff's impairments, she had the mental RFC to perform unskilled work with no contact with the public and only occasional contact with coworkers and supervisors.  A.R. 25.  First, the ALJ found that the record indicated that Plaintiff complained of depression, poor social skills, paranoia, anxiousness, panic attacks, hypervigilance, mood swings, having few friends, difficulty leaving her home, and having suicidal thoughts at times.  A.R. 26.  However, the ALJ also noted that, despite these allegations, the record indicated that Plaintiff appeared to be properly groomed and cooperative with normal thought content, good judgment, good insight, and average intelligence.  *Id*.  Further, the ALJ found that there were less optimal findings as well, including that Plaintiff appeared depressed, stiff and anxious with mood swings, irritable, panic attacks, mild signs of slow thoughts/physical movements, slow information processing and diagnoses of depression and anxiety.  A.R. 26.  The ALJ found that Plaintiff was prescribed medication, including Xanax, Zoloft, and Klonopin for these impairments.  *Id*. Additionally, the ALJ found that Plaintiff had one inpatient psychiatric hospitalization during the

relevant period with concerns noted as to her opiate use and Klonopin withdrawal. A.R. 26. The ALJ also found that Plaintiff was starting to get out of the house more recently, and that treatment notes indicated she was "interactive, appropriate, and appeared to be doing all right, despite some continued anxiousness." A.R. 28. Further, Plaintiff's mood swings and panic attacks were often reported as "mild" or "very mild," she denied suicidal or homicidal ideation and reported improvement on medication treatment, and she testified she had good relationships with her family, met regularly with her therapist, and regularly attended church and weekly therapy appointments. A.R. 28, 105, 108, 669-671, 673-674, 1019-1020.

Second, the ALJ found that Dr. Devera's[3] opinions regarding Plaintiff's limitations were consistent with treatment notes that she suffered from mild panic attacks, mood swings, and irritability, and that substantial evidence in the record, including Dr. Devera's own examination findings, supported these findings. A.R. 27. Still, the ALJ rejected Dr. Devera's opinion that Plaintiff is unable to work because she found that it was unsupported and inconsistent with Dr. Devera's other statements about Plaintiff's condition, including that she displayed appropriate grooming, clear speech, logical and coherent organization of speech, normal thought process, adequate ability to move onto different topics while remaining alert, no looseness of association, tangentiality, or obsessional or compulsive ideation. A.R. 24, 28. The record further indicates that cognitive testing showed that Plaintiff was unimpaired in memory recall, could complete some computing and alphanumeric tasks, and was unimpaired in abstract information. A.R. 682-683. The ALJ found that Dr. Devera's opinion of disability was therefore unsupported and inconsistent with her own findings and other findings in the record.

Third, the ALJ found that Dr. Zedek's July 2013 opinion that Plaintiff had difficulty handling stress, completing tasks and being around others, but that she was coherent and could handle decision-making for herself though she would need help at times, to be supported by and consistent with his treatment notes and information in the record. A.R. 24, 27-28. The ALJ discounted Dr. Zedek's September 2014 opinion that Plaintiff's condition is likely to deteriorate

---

[3] The ALJ appears to refer to Dr. Aisha Devera as Devera Aisha, PsyD, and Dr. Aisha. According to the record, Dr. Aisha Devera is correct. *See* A.R. 678.

based on the fact that Dr. Zedek had stopped seeing Plaintiff in June 2014, and that his opinion contradicted his most recent treatment note which indicated improvement in Plaintiff's treatment over the last few months.  A.R. 27, 905.  The ALJ found that Dr. Zedek determined that Plaintiff could manage her finances, was alert and oriented, had good insight and judgment, had well-delineated futuristic thoughts and plans, had no suicidal or homicidal ideations, and did not feel depressed or mildly depressed.  A.R. 24, 717-729, 764-770, 893-904.

The ALJ gave great weight to the opinions of Dr. Leaf that Plaintiff could engage in simple, routine tasks with limited social interaction demands and minimal change in the work environment.  A.R. 26.  The ALJ found Dr. Leaf's opinion to be consistent with the reports of some difficulties with complex tasks and social functioning, but that Plaintiff could perform one-step or two-step instructions with no impairments and detailed instructions with mild impairment.  A.R. 26-27.

In considering the entire record, the Court finds that the ALJ properly weighed the medical opinions based on information in the record, including the objective clinical findings and treatment records.

### B.  Plaintiff's Testimony

A claimant's statements as to symptoms cannot, alone, be conclusive evidence of disability.  42 U.S.C. § 423(d)(5)(A).  An ALJ is required to make findings as to the veracity of the claimant's subjective statements.  *Thomas v. Barnhart,* 278 F.3d 947, 958-959 (9th Cir. 2009).  Therefore, in determining whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to induce the pain.  *Id.* at 1036.  Once a claimant establishes an underlying impairment, the ALJ must then evaluate whether the statements about the severity of the symptoms are consistent with (1) the objective medical evidence; and (2) the other evidence in the record.  20 C.F.R. § 404.1529(c)(2)-(3).  It is the ALJ's prerogative to analyze whether and, to what extent, the claimant's statements about symptoms are consistent with the record.  *Molina v. Astrue,* 674 F.3d 1104, 1120-21 (9th Cir.

2012). The ALJ's assessment of the subjective claims must be properly supported by the record and sufficiently ensure a reviewing court that the ALJ did not arbitrarily discount a claimant's subjective testimony. *Id.* In weighing a claimant's testimony, the ALJ may consider numerous factors including duration, frequency, intensity of pain, medication, and "ordinary techniques of credibility evaluation." *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991). The ALJ may also consider discrepancies in a claimant's statements, exaggerated complaints, and inconsistencies between a claimant's statements and activities. *Thomas*, 278 F.3d at 958.

 Here, the ALJ found that, while Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, a lack of objective support for Plaintiff's allegations existed in the record. A.R. 26-28. First, the ALJ found that, while the record contained Plaintiff's complaints of depression, anxiety, panic attacks, difficulty leaving the house, and some less optimal examination findings, her medical status examinations otherwise indicated that she was cooperative, displayed good insight and judgment, had organized and clear speech and thought process, denied suicidal ideation, had unimpaired memory, had only mild impairment in abstract thinking, had mild mood swings, and was consistently alert and oriented. A.R. 26-28.

Second, the ALJ found that Plaintiff's allegations of disability were inconsistent with evidence-based physician statements and opinions. A.R. 27-28. Specifically, Dr. Leaf and Dr. Devera opined that Plaintiff was able to perform a range of one-step and two-step instructions and Dr. Zedek opined that Plaintiff was able to make decisions on her own most of the time. A.R. 24-28.

Further, the ALJ found that Plaintiff's testimony was inconsistent with the evidence in the record showing that Plaintiff engaged in activity that conflicted with her claims of being further restricted. A.R. 28. For example, the ALJ noted that, despite Plaintiff's claims of physical impairments, she stated she could do household chores including vacuuming and laundry and that, despite Plaintiff's mental restrictions, she regularly attended church, kept up with weekly therapy appointments, and was becoming more interactive according to Dr. Zedek's notes. A.R. 24, 28.

Accordingly, based on a review of the entire record, the Court finds that the ALJ properly discounted Plaintiff's testimony.

C. Step-Five Finding

The ALJ may satisfy the step-five burden through vocational expert testimony. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). Where the ALJ uses testimony of a vocational expert at step five, the vocational expert must identify specific jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. *Id*. at 1162-1163. Hypothetical question posed to the vocational expert must set out all the limitations and restriction of the particular claimant. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988).

Here, Plaintiff contends that the ALJ erred in posing hypothetical questions to the vocational expert that omitted Plaintiff's credible allegations. Docket No. 20 at 13; *See Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988). However, the ALJ was not required to include the hypothetical limitations based on Plaintiff's allegations because the ALJ previously discounted these limitations after finding that the limitations were not supported by the overall evidence in the record. *See id.; see also Osenbrock*, 240 F.3d at 1164-1165. Accordingly, the ALJ properly found that at least one job existed in significant numbers that an individual with Plaintiff's RFC could perform.

Accordingly, having reviewed the entire record, the Court finds that the ALJ did not err in the step five finding that Plaintiff was not disabled.

**IV.    CONCLUSION**

For these reasons, the undersigned concludes that the ALJ's findings are supported by substantial evidence and, therefore, that he did not err in finding that Plaintiff is not disabled. Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand, Docket No. 20, be **DENIED** and that the Commissioner's countermotion to affirm, Docket No. 21, be **GRANTED**.

Dated: July 9, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).