# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAULINA ACUNA, | Case No.: 2:18-cv-02042-APG-NJK |
| Plaintiff | **Order Accepting Report and Recommendation, Granting Motion to Affirm, and Denying Motion to Remand** |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | [ECF Nos. 20, 21, 27] |
| Defendant | |

Plaintiff Paulina Acuna filed an application for disability insurance benefits and supplemental security income on March 3, 2013, alleging disability beginning in August 2006. The Social Security Administration denied Acuna's application, both initially and on reconsideration. ALJ Cynthia Hoover held a hearing on May 18, 2017. On November 13, 2017, ALJ Hoover issued a decision finding that Acuna was not disabled. The Appeals Council declined Acuna's request for review, making the decision the Commissioner's final decision. Acuna seeks review of that decision, arguing that the ALJ erred in the evaluation of the medical opinion evidence, in rejecting her testimony, and in failing to provide an accurate hypothetical for the vocational expert at the hearing.

On July 9, 2019, Magistrate Judge Koppe recommended that I grant the Commissioner's motion to affirm and deny Acuna's motion to remand. ECF No. 27. Judge Koppe concluded that the ALJ properly weighed the medical opinions based on the information in the record. *Id.* at 10. Judge Koppe also concluded that the ALJ's determination that Acuna's testimony was not entirely consistent with the medical evidence was supported by substantial evidence. *Id.* at 11. Finally, Judge Koppe concluded that the ALJ properly included Acuna's limitations in the

hypothetical to the vocational expert. *Id.* at 12. Acuna objects to Judge Koppe's report and recommendation. ECF No. 28.

Having reviewed the record de novo, I agree with Judge Koppe that the ALJ properly weighed the medical opinions based on information in the record. Even if the ALJ erred in failing to include a limitation to simple tasks in Acuna's residual functional capacity (RFC) assessment, any error would be harmless because the ALJ identified jobs with reasoning level two, which the Ninth Circuit has held is consistent with simple tasks. I also agree with Judge Koppe that substantial evidence supported the ALJ's opinion to discount Acuna's testimony and that the hypothetical given to the vocational expert was proper. Thus, I accept Judge Koppe's report and recommendation, I deny Acuna's motion, and I grant the Commissioner's motion to affirm.

**I. DISCUSSION**

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards. *Jamerson v. Chafer*, 112 F.3d 1064, 1066 (9th Cir. 1997). I may set aside the ALJ's determination only if it is not supported by substantial evidence or is based on legal error. *Id.* "Substantial evidence means more than a scintilla, but less than a

preponderance;" it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quotations omitted). If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm. *Morgan v, Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). I also may order the Commissioner to collect additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

Acuna is entitled to disability benefits under the Social Security Act if she "(a) suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). If Acuna demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Acuna can perform a significant number of other jobs that exist in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

**A. Medical Evidence**

Acuna has three arguments related to the ALJ's evaluation of the medical opinion evidence. She argues that the ALJ's RFC finding did not capture the limitations that Dr. Devera described in her evaluation because the ALJ limited Acuna to unskilled work instead of simple tasks. ECF No. 20 at 7-8. Acuna also argues that the ALJ did not provide clear and convincing

reasons to discount Dr. Devera's conclusion that, based on her symptoms, Acuna would not be able to work. *Id.* at 8. Finally, Acuna argues that the ALJ did not properly capture in the RFC the limitations that her treating physician, Dr. Zedek, described. *Id.* at 8-11. The Commissioner contends that substantial evidence supported the ALJ's decision to reject portions of Dr. Devera and Dr. Zedek's opinions and that the ALJ's RFC finding was proper based on the medical opinion evidence. ECF No. 21 at 6-11.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3)those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

"An ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (citation omitted). Further, the opinion of a nonexamining physician

4

may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Here, substantial evidence supports the ALJ's decision to reject Dr. Devera's opinion that Acuna would be unable to work. The ALJ determined that Dr. Devera's opinion that Acuna would be unable to work was unsupported by her own prior statements about Acuna's condition. ECF No. 16-1 at 34. Dr. Devera's prior statements were included in that same paragraph, such as Acuna's ability to handle one to two step instructions, mild limitations with more detailed instructions, moderate limitations with complex instructions, and some limitations with interaction. *Id.* The ALJ found those statements to be consistent with the medical evidence indicating that Acuna suffered from mild panic attacks, mood swings, and irritability. Further, nonexamining doctors and the progress notes provided by Dr. Zedek suggest that Acuna is able to work despite her limitations. Thus, the ALJ's decision to give little weight to this portion of Dr. Devera's opinion was supported by substantial evidence, including Dr. Devera's own statements, the opinions of other physicians, and the medical evidence.

As for Acuna's arguments regarding the ALJ's RFC determination, I agree with Judge Koppe that in considering the entire record, the ALJ properly weighed the medical opinion evidence and came to the proper RFC determination to limit Acuna to light work and unskilled work with no contact with the public and only occasional contact with coworkers and supervisors.

Even if the ALJ erred in failing to limit Acuna to simple tasks, any error would be harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). In her assessment, the ALJ identified three jobs that Acuna could perform, all requiring reasoning level 2. ECF Nos. 16-1 at 36; 20 at 7-8. The

Ninth Circuit has held that jobs requiring level 2 reasoning are compatible with RFC determinations limiting a claimant to simple tasks. *See e.g. Turner v. Berryhill*, 705 Fed. Appx. 495, 498-99 (9th Cir. 2017) ("The RFC determination limiting Turner to 'simple, repetitive tasks,' which adequately encompasses Turner's moderate difficulties in concentration, persistence, or pace, is compatible with jobs requiring Level 2 reasoning."). Thus, Acuna would still have been able to perform the jobs identified had the ALJ included the limitation in the RFC assessment.[1]

### B. Acuna's Testimony

The ALJ found that Acuna's statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical evidence and other evidence in the record. ECF No.16-1 at 33. The ALJ provided examples of the inconsistencies in her assessment. *Id.* at 34-35. Judge Koppe found the ALJ's decision was supported by substantial evidence. ECF No. 27 at 10-11. Acuna objects, contending that the ALJ did not apply the appropriate standard and erroneously found that her statements were inconsistent with the evidence. ECF No. 28 at 6-8.

A claimant's statements as to pain or other symptoms cannot, alone, be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). The ALJ must engage in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Lingerfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to induce the pain or other symptoms that she

---

[1] Similarly, even if the ALJ erred by not including in her hypothetical to the vocational expert a limitation to performing simple tasks rather than unskilled tasks, such error would be harmless.

6

has alleged. *Id.* Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quotation omitted).

Although Judge Koppe did not cite the "clear and convincing" standard, there is substantial evidence in the record showing that the ALJ met that standard. The ALJ found that Acuna's complaints of depressions, anxiety, panic attacks, and difficulty leaving the house were more extreme than the evidence in the record that suggested she was cooperative, displayed good insight and judgment, had only mild mood swings, was consistently alert and oriented, attended church and therapy appointments, and was improving. ECF No. 16-1 at 33-35. The ALJ also found that Acuna's complaints were inconsistent with the medical evidence and opinions. *Id.* 31-35. It is true that "[c]ycles of improvement and debilitating symptoms are a common occurrence" with mental health conditions, so an ALJ may not discount a claimant's statements "merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). However, here, the ALJ properly considered Acuna's condition throughout her period of alleged disability.

**C. Hypothetical to the Vocational Expert**

Judge Koppe concluded the hypothetical given to the vocational expert was proper because the ALJ was required to include only limitations supported by the evidence in the record. ECF No. 27 at 12. Acuna objects, arguing the hypothetical was not supported by substantial evidence because it did not set out all the limitations ascribed to Acuna. ECF No. 28 at 8.

"Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). But "[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001); *see also Embrey*, 849 F.2d 418 at 423.

I agree with Judge Koppe that the ALJ's hypothetical was proper. As noted above, the ALJ determined and sufficiently explained why she discounted certain limitations included in the medical opinion evidence as well as Acuna's testimony. The ALJ rejected those limitations and instead set out a hypothetical based on the evidence in the record. Accordingly, substantial evidence supports the ALJ's hypothetical given to the vocational expert.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Paulina Acuna's objection (ECF No. 28) is overruled and that the Report and Recommendation **(ECF No. 27) is accepted.**

I FURTHER ORDER that plaintiff Paulina Acuna's motion to remand **(ECF No. 20) is DENIED.**

I FURTHER ORDER that the Commissioner's motion to affirm **(ECF No. 21) is GRANTED.** The clerk of court is instructed to enter judgment in favor of defendant Andrew Saul and against plaintiff Paulina Acuna, and to close this case.

DATED this 9th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE